**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PAMELA DUNKEL,

    Plaintiff,

v.                                                              Case No.: 3:15-cv-948-J-34PDB

KEITH HEDMAN,

    Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Defendant Keith Hedman's Motion to Dismiss the Complaint (Doc. 7; Motion), filed on August 28, 2015. On September 28, 2015, Plaintiff Pamela Dunkel filed a Motion for Extension of Time to Answer Defendant Keith Hedman's Motion to Dismiss (Doc. 11; Motion for Extension), and on September 30, 2015, Defendant filed a response in opposition to this request. See Defendant Keith Hedman's Response in Opposition to Plaintiff's Motion for Further Extension of Time (Doc. 12).  In the Motion, Hedman argues, among other things, that Dunkel fails to plead sufficient facts to establish the Court's subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332. See Motion at 3.  Although Dunkel requests an extension of time to respond to the Motion, the Court determines that a response is not necessary at this time because Hedman's arguments regarding diversity jurisdiction are correct.  Indeed, even absent a challenge from Hedman, this Court, as a federal court of limited jurisdiction, has an obligation to inquire into its subject matter jurisdiction. See Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-1280 (11th Cir. 2001); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir.

1994); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking.").

For a court to have diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), "all plaintiffs must be diverse from all defendants." Univ. of S. Ala., 168 F.3d at 412. To establish diversity over a natural person, a complaint must include allegations of the person's citizenship, not where he or she resides. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). A natural person's citizenship is determined by his or her "domicile," or "the place of his true, fixed, and permanent home and principal establishment . . . to which he has the intention of returning whenever he is absent therefrom." McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (quotation and citation omitted).

The Court's review of the Complaint discloses that the requisite diversity of citizenship is not apparent from Plaintiff's allegations. As the Complaint discloses only the residences of Plaintiff and Defendant, rather than their states of citizenship, see Complaint ¶¶ 2-3, the Court finds that Plaintiff has not alleged the facts necessary to establish the Court's jurisdiction over this case. See Taylor, 30 F.3d at 1367 ("Citizenship, not residence, is the key fact that must be alleged in the complaint to establish diversity for a natural person."); see also Miss. Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence[.]'").

Accordingly, the Court will strike the Complaint and give Plaintiff an opportunity to file an amended complaint which properly alleges this Court's subject matter jurisdiction over this action. As such, the Court will deny the pending Motion to Dismiss and Motion for

Extension as moot.  However, Plaintiff should carefully consider the arguments raised in the Motion to Dismiss and make every effort to address those issues in any amended complaint that she may file.  In light of the foregoing, it is

**ORDERED:**

1. Plaintiff's Complaint (Doc. 1) is **STRICKEN.**

2. Plaintiff shall file an amended complaint consistent with the directives of this Order on or before **October 23, 2015**.  Failure to do so may result in a dismissal of this action without prejudice.

3. Defendant shall respond to the amended complaint in accordance with the requirements of Rule 15 of the Federal Rules of Civil Procedure.

4. Defendant Keith Hedman's Motion to Dismiss the Complaint (Doc. 7) and Plaintiff's Motion for Extension of Time to Answer Defendant Keith Hedman's Motion to Dismiss (Doc. 11) are **DENIED, as moot**.

**DONE AND ORDERED** in Jacksonville, Florida, this 5th day of October, 2015.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Party