United States District Court
Middle District of Florida
Jacksonville Division

**PAMELA DUNKEL,**

    *Plaintiff,*

v.                                                                                        NO. 3:15-cv-948-J-34PDB

**KEITH HEDMAN,**

    *Defendant.*

---

### Order Granting Defendant's Unopposed Motion to Stay

The defendant moves to stay discovery set to begin on April 8, 2016, until the Court decides his pending dispositive motion. Doc. 32 (motion for stay); Doc. 19 (motion to dismiss); Doc. 31 (case management and scheduling order). The plaintiff does not oppose the requested stay. Doc. 32 at 1.

Federal Rule of Civil Procedure 26(c) permits a court to stay discovery for good cause. Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost.[1] *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir.

---

[1] For the party from whom discovery is sought, costs include "the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged." *Chudasama*, 123 F.3d at 1367. For the party seeking discovery, costs include "attorneys' fees generated in drafting discovery requests and reviewing the

1997). A stay is proper if resolution of a pending dispositive motion might dispose of the case but improper if discovery is necessary to respond to that motion. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1560 (11th Cir. 1985).

The defendant has shown good cause for a staying discovery. Granting his dispositive motion would result in dismissal of the case. A stay will avoid potentially needless cost. The plaintiff does not oppose the stay, has not sought discovery to respond to the motion to dismiss, and has not suggested discovery is necessary to respond to the motion to dismiss. The defendant has shown no delay tactic or other improper motive.

The Court **grants** the defendant's motion to stay, Doc. 32, and **stays** discovery until further order. Because the stay may affect the remaining deadlines and dates in the case management and scheduling order, Doc. 31, the Court also stays those until further order.

**Ordered** in Jacksonville, Florida, on March 14, 2016.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of Record

    Pamela Dunkel
    P.O. Box 350407
    Palm Coast, FL 32135

---

opponent's objections and responses." *Id.* And both parties "incur costs related to the delay discovery imposes on reaching the merits of the case." *Id.* Discovery also burdens the judicial system; "scarce judicial resources must be diverted from other cases to resolve discovery disputes." *Id.* at 1367−68.